IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNA G. MACBEAN,<br><br>                Plaintiff,<br>v.<br><br>FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER:**<br>- **GRANTING IN PART AND DENYING IN PART [26] PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT and**<br>- **DENYING [40] PLAINTIFF'S MOTION TO BIFURCATE**<br><br>Case No. 2:17-cv-00131-DN<br><br>District Judge David Nuffer |

Plaintiff Donna MacBean ("MacBean"), the owner and beneficiary of a life insurance policy, has moved for partial summary judgment against Defendant Farmers New World Life Insurance Company ("Farmers"), the issuer of the insurance policy.[1] The policy insured the life of MacBean's husband, Eric Oeming ("Husband"), in the amount of $125,000. After Husband's death, MacBean submitted notice and proof of death to Farmers. Farmers denied MacBean's claim on the grounds that Husband did not fully disclose his medical history in the insurance policy application. MacBean sued Farmers, alleging breach of contract and breach of the implied covenant of good faith and fair dealing.[2] MacBean's Motion for Partial Summary Judgment ("Motion for Summary Judgment")[3] is limited to her breach of contract claim.[4]

---

[1] Motion for Partial Summary Judgment, docket no. 26, filed Feb. 5, 2018.

[2] Complaint, docket no. 2 at Ex. A, filed Feb. 22, 2017.

[3] Docket no. 26.

[4] MacBean acknowledges that part of her Motion for Summary Judgment includes arguments that would normally be made as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Id*. at 2-3 n.1. However,

Farmers opposed the Motion for Summary Judgment ("Opposition"),[5] and MacBean replied ("Reply").[6]

MacBean sets forth three arguments for partial summary judgment: (1) Farmers failed to plead its affirmative defense of fraud with particularity as required by Fed. R. Civ. P. 9(b), or in the alternative, failed to plead an affirmative defense of rescission of the policy as required by Fed. R. Civ. P. 8(c); (2) Farmers failed to comply with state law requirements to rescind the policy or otherwise deny policy benefits; and (3) there is no evidence to support a finding of fraud or other basis upon which Farmers could deny benefits.

MacBean later filed a Motion to Bifurcate Bench Trial of Equitable Defenses of Rescission of Policy and Jury Trial of Remaining Contract Claims ("Motion to Bifurcate"),[7] which has been fully briefed by the parties.[8] In her Motion to Bifurcate, MacBean requests that Farmers's unstated affirmative defense of rescission be bifurcated and tried by the court before the remaining issues proceed to the jury.

The Motion for Summary Judgment[9] is GRANTED IN PART and DENIED IN PART. Partial summary judgment is proper as to the affirmative defense of fraud based upon Farmers's admission that it plead misrepresentation—not fraud.[10] Farmers also acknowledges that it did

---

MacBean also seeks judgment based upon matters outside the pleadings. Accordingly, the Motion for Summary Judgment is appropriately analyzed under Rule 56. Fed. R. Civ. P. 12(d).

[5] Opposition to Plaintiff's Motion for Partial Summary Judgment, docket no. 29, filed Mar. 16, 2018.

[6] Plaintiff's Reply to Defendant's Opposition to Motion for Partial Summary Judgment Including Motions to Strike Portions of Defendant's Profered [sic] Evidence and Request for Oral Argument, docket no. 32, filed Mar. 16, 2018.

[7] Docket no. 40, filed May 17, 2018.

[8] Opposition to Motion to Bifurcate [Dtk. No. 40], and, In the Alternative, Motion for Advisory Jury, docket no. 48, filed May 25, 2018. Plaintiff's Reply to Defendant's Opposition to Motion to Bifurcate [Dkt. No. 40], and In the Alternative, Motion for Advisory Jury, docket no. 49, filed May 29, 2018.

[9] Docket no. 26.

[10] Opposition, docket no. 29.

not plead an affirmative defense of rescission; however, under the circumstances, Farmers was not required to do so and may, based upon misrepresentation, defend against MacBean's breach of contract claim. The remaining request for relief in the Motion for Summary Judgment involves factual issues that must be determined by the jury, which are therefore reserved for trial.

The Motion to Bifurcate is DENIED because Farmers did not plead an affirmative defense of rescission, and the remedy of rescission based on the affirmative defense of misrepresentation is a jury issue.

**Table of Contents**

MOTION FOR SUMMARY JUDGMENT ................................................................................ 4
    Standard of Review .............................................................................................................. 4
    Undisputed Material Facts ................................................................................................... 5
    Discussion ............................................................................................................................ 9
        Farmers sufficiently pleaded an affirmative defense of misrepresentation. ......... 10
        Farmers has not sufficiently pleaded an affirmative defense of fraud. ................. 12
        Farmers has not pleaded an affirmative defense of rescission, but it was not required to do so. ..................................................................................... 13
        Whether a misrepresentation was made by MacBean or Husband affecting Farmers's obligations under the policy depends on issues of material fact which are genuinely disputed ................................................................... 15
        MacBean's request for interest on policy benefits is reserved. ............................ 16
MOTION TO BIFURCATE ................................................................................................... 17
ORDER .................................................................................................................................... 18

# MOTION FOR SUMMARY JUDGMENT

## Standard of Review

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[12] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[13] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[14] "As to materiality, the substantive law will identify which facts are material."[15] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[16] "Factual disputes that are irrelevant or unnecessary will not be counted."[17]

---

[11] Fed. R. Civ. P. 56(a).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

[13] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[14] *Id.*

[15] *Anderson*, 477 U.S. at 248.

[16] *Id.*

[17] *Id.*

## Undisputed Material Facts[18]

**The Life Insurance Policy**

1. MacBean is a resident of Washington County, State of Utah.[19]

2. Farmers is an insurer licensed to do business throughout the State of Utah.[20]

3. On October 2, 2013, MacBean and Husband completed an application for a term life insurance policy on Husband listing MacBean as owner and beneficiary with a principal sum (the amount payable upon Husband's death) of $125,000.[21]

4. The application included the following questions regarding Husband's medical history:

> Question 5. Have you, in the past seven years, had, consulted a physician or other healthcare provider(s) for, or been treated or hospitalized for or taken medication for any of the following: any diseases or disorders of the heart (including rheumatic fever), circulatory system, diabetes/endocrine/thyroid, blood, kidneys, liver, digestive system, lungs (including allergies or sleep apnea); any mental or nervous disorders (including depression, anxiety, or suicide); muscular, spinal, joint, or bone disorders or injuries (including concussions); high blood pressure; elevated cholesterol; cancer/skin cancer; stroke; epilepsy/seizures (including dizziness or fainting); arthritis; congenial defects or physical impairments?
>
> Question 8. Have you scheduled or been advised to have, a surgical operation, diagnostic test, or evaluation that has not been completed?[22]

5. Husband answered "No" to Question 5 and Question 8 in the application.[23]

---

[18] The following statement of material facts is based on the facts set forth in the Motion for Summary Judgment, Opposition, and the exhibits in the record. MacBean asserts several facts based upon her Affidavit, to which Farmers objects. Motion for Summary Judgment ¶ 15 at 7-9; Opposition at 9-15. Similarly, Farmers asserts two additional facts and references an "Expert Report" in its Opposition, to which MacBean objects. Opposition at 18, 30, 39; Reply at 3-4. For purposes of the Motion for Summary Judgment, it is unnecessary to address the objections because these facts are either disputed or immaterial.

[19] Complaint ¶ 1 at 1, docket no. 2 at Ex. A, filed Feb. 22, 2017; Answer ¶ 1 at 2, docket no. 6, filed Mar. 1, 2017.

[20] Complaint ¶ 2 at 1; Answer ¶ 2 at 2.

[21] Motion for Summary Judgment at Ex. 1; Opposition ¶ 1 at 3.

[22] Motion for Summary Judgment at Ex. 1 at 17-18.

[23] *Id.*

6. On November 22, 2013, Farmers issued the subject policy.[24]

**Denial of Claim**

7. Husband died on March 13, 2015.[25]

8. MacBean provided Farmers notice and proof of Husband's death and requested that the policy benefits be issued to her.[26]

9. On July 8, 2015, Farmers issued a letter denying policy benefits to MacBean ("denial letter").[27] In its denial letter, Farmer provided the following explanation for the denial:

> During our claim evaluation we received medical records from Intermountain Instacare Clinic, Dr. Gay Sleight, Sav-On Pharmacy, Utah Department of Public Safety, and Intermountain Hospital. These records showed that [Husband] had a history of Cirrhosis and COPD. These records also showed that [Husband] had been scheduled, or advised to have a surgical operation, diagnostic test or evaluation that was not completed by the application date.
>
> Given the preceding health history, when the application Medical and Supplemental Information questions were answered by [Husband] on October 2, 2013, question numbers 5 and 8 should have been answered "Yes." After noting the correct response, [Husband] should have fully disclosed his medical history as outlined above.
>
> The Incontestability Provision of policy 009770758 states that we will not contest the coverage on this policy after it has been in force for two years from the date of issue during the insured's lifetime. Because [Husband]'s death occurred within two years of the policy issue date the contract remains contestable.
>
> Our Underwriting Department has reviewed the medical history that occurred prior to the application date. Their determination was that [Husband]'s history was both significant and material to their evaluation of his insurability. If full details of [Husband]'s medical history as outlined above had been disclosed on the application as requested, the policy could not have been issued on any basis. Given this we have no alternative but to consider the policy to be null and void from its inception date and refund the premiums received."[28]

---

[24] *Id.*; Complaint ¶ 8 at 2; Answer ¶ 8 at 3.

[25] Motion for Summary Judgment ¶ 3 at 3; Complaint ¶ 9 at 2; Answer ¶ 9 at 3.

[26] Motion for Summary Judgment ¶ 4 at 4; Complaint ¶ 10 at 2; Answer ¶ 10 at 3.

[27] Motion for Summary Judgment ¶¶ 5-6 at 4, Ex. 4-5; Opposition ¶ 6 at 4.

[28] Motion for Summary Judgment ¶¶ 5-6 at 4, Ex. 4-5; Opposition ¶ 6 at 4.

10. On August 5, 2015, MacBean made a written request to Farmers for information and documents, including:

> A copy of all documentation of any type or nature relevant or potentially relevant to policy benefits of [Husband] including, but not limited to, medical records of [Husband], communications with [Husband], recordings, statements of the claimant or others. Any other document or evidence of any type whatsoever relevant or potentially relevant to the policy whether or not relied upon by Farmers Insurance regarding its denial of policy benefits to our client and beneficiary of the relevant life insurance policy, [MacBean].[29]

11. On August 18, 2015, Farmers replied and declined to provide any of the requested documentation stating:

> The documents you requested contain proprietary work product information wherein our internal privacy policy limits disclosure of the information without the appropriate safeguards commensurate with a court order.[30]

Farmers did provide the contact information for the previously identified providers of medical records to MacBean.[31]

12. On October 12, 2015, MacBean renewed her request for copies of Husband's medical records:

> I am writing in response to your August 18, 2015 correspondence wherein you decline to provide us with a copy of medical records relied upon Farmers in their denial. Your letter sites [sic] the work product doctrine as the basis for your denial.
>
> While some of the materials requested may arguably be work product, a simple copy of all medical records in Farmers' [sic] possession clearly is not work product. As you may be aware, Utah Law implies a covenant of good faith in fair dealing on first party insurance companies in dealing with an insured/beneficiary and their representatives. Making a beneficiary gather documents that are already in Farmer's [sic] possession is not "good faith' nor "fair dealing".

---

[29] Motion for Summary Judgment ¶ 7 at 5, Ex. 6; Opposition ¶ 7 at 5.

[30] Motion for Summary Judgment ¶ 8 at 5, Ex. 7; Opposition ¶ 8 at 5.

[31] Motion for Summary Judgment ¶ 8 at 5, Ex. 7; Opposition ¶ 8 at 5.

A request is again made that Farmers provided a copy of all medical records of [Husband] (deceased) in its possession.[32]

13. On October 16, 2015, Farmers refused to provide Husband's medical records, again citing the work product doctrine.[33]

**MacBean's Complaint and Farmers's Answer**

14. On January 18, 2017, MacBean filed suit against Farmers in the Fifth District Court, State of Utah, which was removed to federal court.[34] MacBean pleaded in part for a judgment in the amount of $125,000 plus interest "on all damages at the rate of 10% per annum pursuant to *Utah Code Ann.* §15-1-1 *or* in such other amount as provided by law."[35]

15. On March 1, 2017, Farmers filed its Answer. Farmers set forth fifteen defenses in its Answer, including:

> **THIRD DEFENSE**: [MacBean] and [Husband] knowingly and intentionally concealed medical history from Farmers that, had Farmers been aware of such history, Farmers would not have issued the policy in question to [Husband].[36]
>
> **FOURTH DEFENSE**: [MacBean]'s claims should be barred where [MacBean] or any other insured has made or caused to be made, false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under the policy.[37]
>
> **FOURTEENTH DEFENSE**: The claim filed by [MacBean] was fraudulent in that [MacBean] was aware of and participated in the fraudulent non-disclosure of relevant health information in the insurance application.[38]
>
> **FIFTEENTH DEFENSE**: [Husband] and [MacBean] knew that [Husband] had a health condition which required further treatment, and failed to disclose such facts

---

[32] Motion for Summary Judgment ¶ 9 at 5-6; *Id*. at Ex. 8; Opposition ¶ 9 at 5-6.

[33] Motion for Summary Judgment ¶ 10 at 6; *Id*. at Ex. 9; Opposition ¶ 10 at 6.

[34] Defendant's Notice of Removal of Action, [docket no. 2](#), filed Feb. 22, 2017.

[35] Complaint ¶¶ 1, 4 at 4 (emphasis added).

[36] Answer at 5.

[37] *Id*.

[38] *Id*. at 7.

on their application, among other fraudulent omissions. As a result, Farmers did not know of the prior health conditions and failure to disclose such facts was a substantial factor in causing [MacBean]'s alleged damages.[39]

## Discussion

In her Motion for Summary Judgment, MacBean primarily asserts that Farmers has not sufficiently raised affirmative defenses to resist her breach of contract claim.[40] Rule 8 of the Federal Rules of Civil Procedure governs pleadings. In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it . . . ."[41] A responding party must also affirmatively state any avoidance or affirmative defense.[42] "An affirmative defense has been defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true."[43] "Rule 8(c) identifies a nonexhaustive list of affirmative defenses that must be pleaded in response."[44] An affirmative defense based on fraud must also satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).[45] Under the Federal Rules of Civil Procedure, courts may, on motion or sua sponte, strike from a pleading an "insufficient defense."[46] Overall, "[p]leadings must be construed so as to do justice."[47]

---

[39] *Id.*

[40] Motion for Summary Judgment at 10-13.

[41] Fed. R. Civ. P. 8(b)(1)(A).

[42] *Id.* at 8(c)(1).

[43] *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292-KGS, 2009 WL 10688189, at *7 (D. Kan. Nov. 9, 2009). *See also Defense*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[44] *Jones v. Block*, 549 U.S. 199, 212 (2007).

[45] *Unicredit Bank AG v. Bucheli,* No. 10-2436-JWL, 2011 WL 4036466, at *6 (D. Kan. Sept. 12, 2011). Farmers has not disputed that Rule 9(b) would apply to an affirmative defense of fraud; rather, Farmers asserts that it has not raised an affirmative defense of fraud. Opposition at 19-23.

[46] Fed. R. Civ. P. 12(f); *see also Tiscareno v. Frasier*, No. 2:07-cv-00336-CW, 2012 WL 1377886, at *13-14 (D. Utah April 19, 2012).

[47] Fed. R. Civ. P. 8(e).

Out of the fifteen defenses raised by Farmers in its Answer, MacBean's Motion for Summary Judgment addresses four—Third Defense, Fourth Defense, Fourteenth Defense, and Fifteenth Defense. McBean asserts that all four defenses are wholly based on claims of fraud and fail to satisfy Rule 9(b)'s pleading requirements.[48] In the alternative, MacBean argues that Farmers was required, and has failed, to plead rescission of the policy as an affirmative defense.[49] In response, Farmers states that its Third Defense, Fourth Defense, and Fifteenth Defense are affirmative defenses of misrepresentation based on Utah law, and not fraud defenses.[50] However, Farmers does not address MacBean's arguments with respect to its Fourteenth Defense, nor does Farmers discuss an affirmative defense of rescission in any detail.

**Farmers sufficiently pleaded an affirmative defense of misrepresentation.**

Farmers asserts that its Third Defense, Fourth Defense, and Fifteenth Defense are not affirmative defenses of fraud, but misrepresentation.[51] Misrepresentation in the Utah insurance context is a statutory defense independent from fraud[52] and not enumerated in the list of defenses that must be plead with particularity under subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). Farmers's Answer does not specifically reference the relevant statute identifying the elements required to establish misrepresentation under Utah insurance law.[53]

---

[48] Motion for Summary Judgment ¶ 12 at 6.

[49] *Id*. at 10-13.

[50] Opposition at 19-23

[51] *Id.*

[52] Utah Code Ann. § 31A-21-105; *PHL Variable Ins. Co. v. Sheldon Hathaway Family Ins. Trust*, 819 F.3d 1283, 1289 (10th Cir. 2016); *Derbidge v. Mut. Protective Ins. Co.*, 963 P.2d 788 (Utah Ct. App. 1998).

[53] Utah Code Ann. § 31A-21-105.

But, Farmers was not required to do so. Affirmative defenses not listed in Rule 9(b) are subject to a lesser pleading standard than required for pleading an affirmative claim in a complaint. [54]

> [T]he liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. Therefore, we must avoid hyper technicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule. Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate. [55]

Farmers's Third Defense, Fourth Defense, and Fifteenth Defense each include a "short and plain" statement alleging, respectively, that MacBean or Husband concealed Husband's medical history,[56] made false statements,[57] or failed to disclose Husband's health condition.[58] The defenses give fair notice of factual substance. Moreover, when Farmers denied MacBean's insurance claim, Farmers informed MacBean that its denial was based upon a misrepresentation, which had Farmers been aware of, Farmers would not have issued Husband's policy.[59] Farmers's assertion of the affirmative defense of misrepresentation is no surprise to MacBean. Therefore, the liberal notice pleading standard has been fulfilled with respect to Farmers's affirmative defense of misrepresentation. MacBean's Motion for Summary Judgment is denied as to this issue.

---

[54] *Tiscareno v. Frasier*, No. 2:07-cv-00336-CW, 2012 WL 1377886, at *14-16 (D. Utah April 19, 2012) (discussing *Bell Atl. Corp. v. Tombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and declining to apply the heightened standard for pleading in a complaint to pleading affirmative defenses in an answer). *See also Lane v. Page*, 272 F.R.D. 581, 591-97 (D.N.M. 2011); *Tyco Fire Prod. LP v. Victaulic Co*., 777 F.Supp.2d 893, 898-901 (E.D. Pa. 2011); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010).

[55] *Id*. at *15 (citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009)).

[56] Answer at 5.

[57] *Id*.

[58] *Id*. at 7.

[59] Motion for Summary Judgment ¶¶ 5-6 at 4, Ex. 4-5; Opposition ¶ 6 at 4.

**Farmers has not sufficiently pleaded an affirmative defense of fraud.**

In its Opposition, Farmers failed to address MacBean's arguments relating to its Fourteenth Defense. The plain language of the defense supports MacBean's assertion that it is intended to be an affirmative defense of fraud:

> **FOURTEENTH DEFENSE**: *The claim filed by [MacBean] was fraudulent* in that [MacBean] was aware of and participated in the *fraudulent non-disclosure of relevant health information* in the insurance application.[60]

Rule 9(b) requires a party to state with particularity the circumstances constituting fraud.[61] "[T]he policy of simplicity in pleadings which underlies the Federal Rules of Civil Procedure requires a court to read Rule 9(b)'s requirements in harmony with Rule 8's call for a 'short and plain statement of the claim' which presents 'simple, concise, and direct' allegations."[62] However, at a minimum, a party must "set forth the 'who, what, when, and where and how' of the alleged fraud, and must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[63]

Farmers's Fourteenth Defense seems to conflate two allegations of fraud. First, that an unidentified individual (presumably Husband), along with McBean, fraudulently failed to disclose relevant health information in the insurance application; and second, that MacBean, based upon this non-disclosure, fraudulently filed a claim for policy benefits. Under either scenario, the defense fails to set forth the minimum pleading requirements of Rule 9(b). Most

---

[60] Answer at 7 (emphasis added).

[61] Fed. R. Civ. P. 9(b).

[62] *Cayman Explor. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).

[63] *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal citations omitted).

12

importantly, it does not state with particularity the contents of the false representations and the consequences thereof.

Although Farmers's Fourteenth Defense mentions "relevant health information," this general reference is simply too broad. Whereas Farmers's denial letter placed MacBean on notice that it believed a misrepresentation had been made and the basis thereof, MacBean did not have notice that Farmers intended to defend against MacBean's claims based upon fraud. This is particularly true when prior to filing her Complaint, MacBean requested a copy of all medical records in Farmers's possession related to Husband's medical history that was allegedly not disclosed and Farmers's declined to produce these documents.[64] As a result, MacBean was not in possession of the information and documents that presumably would have identified the "relevant health information" allegedly not disclosed.

Regardless, Farmers has conceded that "it is not asserting fraud as an affirmative defense."[65] And the materials presented as part of the Motion for Summary Judgment and Opposition do not clearly set out factual allegations relating to fraud. Therefore, MacBean is granted partial summary judgment on this issue and Farmers is precluded from raising an affirmative defense of fraud at trial.

**Farmers has not pleaded an affirmative defense of rescission, but it was not required to do so.**

Farmers did not plead an affirmative defense of rescission. Indeed, in its Opposition, Farmers does not cite to any defense in its Answer constituting a defense of rescission, or otherwise discuss an affirmative defense of rescission in any detail.[66] However, contrary to

---

[64] Motion for Summary Judgment ¶¶ 7-10 at 5-6, Ex. 6-9; Opposition ¶¶ 7-10 at 5-6.

[65] Opposition at 19-23.

[66] Opposition.

MacBean's assertions, Farmers's failure to raise an affirmative defense of rescission is not fatal to its defenses against MacBean's breach of contract claims.

Farmers was not required to judicially rescind the policy before denying benefits to MacBean due to misrepresentation or other breach of contract. But, Farmers may try to establish at trial, as a factual matter, that it nullified the policy upon learning of the misrepresentation. Farmers's denial letter informed MacBean that due to a misrepresentation on the insurance application, it was considering the policy to be "null and void" from its inception date and refunding the premiums received.[67] This is not a claim for judicial rescission.

MacBean has asserted that Farmers engaged in unfair claims settlement practices in violation of Utah law to rescind the insurance policy and deny policy benefits.[68] MacBean did not plead this claim in her Complaint and there is nothing in the record to indicate that Farmers was put on notice that MacBean may allege this cause of action at trial. Regardless, even if MacBean had attempted to plead this claim, the Unfair Claims Settlement Practices Act, and similar provisions of Utah's Administrative Code, do not create a private right of action.[69] There is some indication that MacBean has asserted Farmers's failure to provide requested information and documents demonstrates a lack of good faith and fair dealing.[70] But this relates to Farmer's breach of the covenant of good faith and fair dealing, which is not at issue in MacBean's Motion for Summary Judgment.

---

[67] Motion for Summary Judgment ¶¶ 5-6 at 4, Ex. 4-5; Opposition ¶ 6 at 4.

[68] Utah Code Ann. § 31A-26-303; Motion for Summary Judgment at 13-15.

[69] Utah Code Ann. § 31A-26-303(5); Utah Admin. Code R590-191-2; *see also Berendes v. Geico Cas. Co.*, 526 F.App'x 864, 872 (10th Cir. 2013).

[70] Motion for Summary Judgment ¶ 9 at 5-6, Ex. 8.

Finally, even if Farmers is found not to have properly declared the policy void, Farmers has a defense against MacBean's breach of contract claim based upon its affirmative defense of misrepresentation.[71]

Whether the policy was properly declared void in the denial letter, and whether Farmers establishes its affirmative defense of misrepresentation are issues for trial.

**Whether a misrepresentation was made by MacBean or Husband affecting Farmers's obligations under the policy depends on issues of material fact which are genuinely disputed.**

MacBean acknowledges that Utah law provides a mechanism allowing an insurer to avoid its obligations under an insurance policy in the event a misrepresentation is made.[72] MacBean asserts that Farmers has failed to provide evidence to meet its burden of proof that it was justified in denying benefits under the subject policy.[73]

A significant portion of MacBean's Motion for Summary Judgment and Farmers's Opposition attempts to set forth Husband's medical history, or lack of thereof, in an effort to establish whether MacBean or Husband misrepresented Husband's history on the insurance policy application. The factual record includes the deposition transcripts of two medical professionals—Gay Sleight, P.A., and Luciana De Saibro, M.D—that Husband met with prior to obtaining the life insurance policy. Based upon the facts presented, it seems that Husband was not diagnosed with a medical condition by either Ms. Sleight or Dr. De Saibro. However, it is plausible that Husband was aware he had symptoms requiring additional medical treatment.

---

[71] Opposition at 1; *Id*. ¶ 12 at 7. *See also* Utah Code Ann. § 31A-21-105 (a misrepresentation may affect "the insurer's obligation under the policy if (a) the insurer relies on it and it is either material or is made with intent to deceive; or (b) the fact misrepresented or falsely warranted contributes to the loss."); *Chowdhury v. United of Omaha Ins. Co.*, No. 1:07-cv-00095-CW, 2009 WL 1851005, at *3 (D. Utah, June 26, 2009) (citing *Derbidge v. Mut. Protective Ins. Co., 963 P.2d 788, 790-01 (Utah Ct. App. 1998)*).

[72] Motion for Summary Judgment at 13; Unfair Claims Settlement Practices Act, Utah Code Ann. § 31A-21-105.

[73] Motion for Summary Judgment at 17-28.

Husband informed Dr. De Saibro that he had problems with alcohol and was "going downhill." While Dr. De Saibro seems to suggest that Husband should have followed up with his primary care physician and seen a gastroenterologist, it is not clear whether Husband knew that this was medically necessary or would constitute medical history that should be disclosed on the life policy application. Drawing all reasonable inferences in Farmers's favor, genuine issues of material fact exist as to whether MacBean or Husband misrepresented Husband's medical history.[74] The resolution of these factual disputes is for a jury. Accordingly, MacBean's Motion for Summary Judgment is denied on this issue.

**MacBean's request for interest on policy benefits is reserved.**

In the event that she prevails on her breach of contract claim, MacBean requests that she be awarded interest of 10.68% on the policy benefits under Utah Code Ann. § 31A-22-428(4), the Utah statutory provision governing interest payable on life insurance proceeds.[75] Pursuant to Utah Code Ann. § 31A-22-428(4):

> A court of competent jurisdiction may require payment of interest from the date of death to the day on which a claim is paid at a rate equal to the sum of: (a) the rate specified in Subsection (2) [Two Year Treasury Constant Maturity Rate of as published by the Federal Reserve at time death];[76] and (b) the legal rate identified in Subsection 15-1-1(2) [10% per annum].[77]

Farmers argues that MacBean is limited to the 10% per annum interest rate pursuant to Utah Code Ann. 15-1-1 because she did not plead pre-judgment interest under Utah Code 31A-

---

[74] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). At trial, Farmers will not be afforded this deference. Instead, any ambiguity or uncertainty in the language of the insurance policy will be construed in MacBean's favor. *Doctors' Co. v. Drezga*, 2009 UT 60, at ¶ 12, 218 P.3d 598.

[75] Motion for Summary Judgment at 28-29.

[76] MacBean asserts that the Two Year Treasury Constant Maturity Rate at the time of Husband's death is 0.68% per annum. Motion for Summary Judgment at 28-29. Farmers has not disputed that 0.68% is the correct rate published by the Federal Reserve.

[77] Utah Code Ann. § 31A-22-428(4); *see also* Utah Code Ann. § 15-1-1.

16

22-428(4) in her Complaint.[78] Farmers is incorrect. In MacBean's Complaint, she requested "interest on all damages at the rate of 10% per annum pursuant to *Utah Code Ann.* 15-1-1 *or* in such other amount as provided by law."[79] MacBean sufficiently reserved her claim for interest in any amount as provided by law. Accordingly, MacBean's request for interest of 10.68% per annum on the policy benefits as allowed by law may be granted if she prevails in her breach of contract claim at trial. Because summary judgment on the breach of contract claim is not granted, MacBean's request for interest on the policy benefits is reserved.

## MOTION TO BIFURCATE

In her Motion to Bifurcate, MacBean requests that Farmers's affirmative defense of rescission be bifurcated from MacBean's claims of breach of contract and breach of implied covenant of good faith and fair dealing.[80] In support of her argument, MacBean alleges that Farmers has asserted equitable rescission of the policy and is not entitled to a jury trial on equitable defenses.[81] Farmers opposes MacBean's Motion to Bifurcate, reiterating that Farmers has made an affirmative defense of misrepresentation and is entitled to a trial by jury on that issue.[82] Having determined that Farmers has not raised, and did not need to raise, an affirmative defense of rescission, MacBean's Motion to Bifurcate is denied.

---

[78] Opposition at 40.

[79] Complaint ¶ 4 at 4 (emphasis in original).

[80] Motion to Bifurcate at 1.

[81] *Id*. at 2-3.

[82] Opposition to Motion to Bifurcate [Dkt. No. 40], and, In the Alternative, Motion for Advisory Jury at 2-5.

## ORDER

IT IS HEREBY ORDERED that MacBean's Motion for Summary Judgment[83] is GRANTED IN PART and DENIED IN PART. The Motion for Summary Judgment is granted with respect to Farmers's affirmative defenses to the extent they are attempting to assert fraud. Farmers is precluded from asserting an affirmative defense of fraud at trial. The Motion for Summary Judgment is denied in all other respects.

IT IS FURTHER ORDERED that the Motion to Bifurcate[84] is DENIED.

Dated June 12, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[83] Docket no. 26, filed Feb. 5, 2018.

[84] Docket no. 40, filed May 17, 2018.