IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNA G. MACBEAN,<br><br>　　　　　　　Plaintiff,<br>v.<br>FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [98] EXPEDITED MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:17-cv-00131<br><br>District Judge David Nuffer |

Plaintiff Donna MacBean ("MacBean") has filed a Motion for Protective Order, seeking to prohibit Defendant Farmers New World Life Insurance Company ("Farmers") from taking the deposition of two, previously undisclosed, potential witnesses.[1] Farmers has filed a response.[2]

The parties attended a final pre-trial conference on June 19, 2019. At that time, Farmers was ordered to take the deposition of the records custodian for Intermountain Healthcare—a "may call" witness that Farmers had identified on its pretrial disclosures.[3] Farmers subsequently sent notice of the depositions for two individuals, Jani Neese Hicken and Christine Marriott, in lieu of the Intermountain Healthcare records custodian. Ms. Hicken and Ms. Marriott are employees of Dixie Regional Medical Center and presumably are better suited to lay the foundation for statements made in medical records that the court previously deemed to be impermissible hearsay.[4]

---

[1] Expedited Motion for Protective Order ("Motion for Protective Order"), docket no. 98, filed June 27, 2018.

[2] Response to Expedited Motion for Protective Order, docket no.103, filed June 29, 2018.

[3] Motion for Protective Order, Ex. B, docket no. 98; *see also* Pretrial Order ¶ 8(b)(ii), docket no. 93, entered June 25, 2018.

[4] Docket Text Order Granting Plaintiff's Motion in Limine re: Exclusion of Double Hearsay, docket no. 86, entered June 19, 2018.

MacBean objects to the depositions of Ms. Hicken and Ms. Marriott on the grounds that Farmers did not properly disclose the individuals as potential witnesses pursuant to Fed. R. Civ. P. 26(a). Parties must disclose the information and witnesses that they may use to support their claims or defenses, first as initial disclosures at the beginning of the litigation,[5] and then again prior to trial.[6] Additionally, a party who has made a disclosure under Rule 26(a) is under an affirmative obligation to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[7] Rule 37(c) requires the court to exclude an undisclosed witness at trial "unless the failure was substantially justified or is harmless."[8]

"Notwithstanding Rule 37(c), [a] district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case."[9] In determining whether to exclude the undisclosed evidence, the court should consider the following four factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice;
> (3) the extent to which introducing such evidence would disrupt the trial; and
> (4) the moving party's bad faith or willfulness.[10]

Farmers did not disclose Ms. Hicken or Ms. Marriott on its initial disclosures or pre-trial disclosures.[11] Moreover, Farmers has had ample time to investigate and identify Ms. Hicken and

---

[5] Fed. R. Civ. P. 26(a)(1).

[6] *Id*. 26(a)(3).

[7] *Id*. 26(e).

[8] *Id*. 37(c).

[9] *Orijas v. Stevenson,* 31 F.3d 995, 1005 (10th Cir. 1994), *cert. denied,* 450 U.S. 918 (1981)).

[10] *Woodworker's Supply, Inc. v. Principal Mutual Life Ins., Co.,* 170 F.3d 985, 993 (10th Cir.1999) (internal citations omitted).

[11] Motion for Protective Order, docket no. 98.

Ms. Marriott as potential witnesses prior to the close of discovery. However, a proper analysis of the above factors is not possible without knowing the specific testimony that Farmers seeks to introduce through Ms. Hicken and Ms. Marriott. Farmers also "agreed that counsel will not solicit substantive testimony from these witnesses on any subject other than to lay the foundation for admission of the records."[12] Accordingly, the Motion for Protective Order is denied.

Although the Motion for Protective Order is denied, it is important to note that the testimony of Ms. Hicken and Ms. Marriott is not automatically deemed to be admissible. A ruling on whether Ms. Hicken and Ms. Marriott may be called as witnesses at trial and the admissibility of their testimony is reserved.

**ORDER**

IT IS HEREBY ORDERED that the Motion for Protective Order[13] is DENIED. Farmers shall be allowed to take the depositions of Ms. Hicken and Ms. Marriott at the time and place as indicated in their Amended Notice of Depositions.[14]

IT IS FURTHER ORDERED that

- On or before noon on July 5, 2018, Farmers shall file the deposition transcripts of Ms. Hicken and Ms. Marriott, highlighting the portions of the testimony which it would like to introduce at trial.

- On or before noon on July 5, 2018, Farmers shall also file a memorandum of no more than five pages, identifying why the testimony should not be excluded pursuant to Rule 37 for failure to comply with Rule 26.

---

[12] Response to Expedited Motion for Protective Order, docket no.103, filed June 29, 2018.

[13] Motion for Protective Order, docket no. 98.

[14] *Id*. at 7.

- MacBean may file a response on or before noon on July 6, 2018.

- In her response, MacBean should address whether additional or alternative sanctions may be appropriate for Farmers' failure to timely disclose Ms. Hicken and Ms. Marriott, including but not limited to those identified in Rule 37(c)(1)(A)-(C).

Dated June 29, 2018.

BY THE COURT:

David Nuffer
United States District Judge