IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DONNA G. MACBEAN,<br><br>               Plaintiff,<br>v.<br><br>FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [97] MOTION REGARDING LIMITING DAMAGES**<br><br>Case No. 2:17-cv-00131<br><br>District Judge David Nuffer |

As permitted,[1] Defendant Farmers New World Life Insurance Company ("Farmers") filed a Motion Regarding Limiting Damages to the Amount Admitted in Plaintiff's Complaint ("Motion").[2] Plaintiff Donna MacBean ("MacBean") filed a response.[3] On July 3, 2018, a docket text order was entered, denying the Motion and indicating that a written memorandum decision and order would follow.[4] The parties have since reached a global settlement of this case;[5] however, this memorandum decision and order is being entered to ensure a complete record.

## DISCUSSION

### MacBean's request for damages in her unverified Complaint is not a judicial admission, or otherwise binding on McBean under the doctrine of judicial estoppel.

Farmers primarily argues that statements made in MacBean's Complaint regarding her damages is a judicial admission and therefore, MacBean is judicially estopped from seeking

---

[1] Minute Entry for Proceedings Held before Judge David Nuffer, docket no. 91, entered June 19, 2018.

[2] Docket no. 97, filed June 26, 2018.

[3] Response to Defendant's Motion to Limit Damages, docket no. 100, filed June 28, 2018.

[4] Docket no. 107.

[5] Notice of Settlement, docket no. 110, filed July 5, 2018.

damages beyond what was alleged in her Complaint.[6] Judicial admission and judicial estoppel are separate principles. "Judicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."[7] Factual admissions in the pleadings are in the nature of judicial admissions and may be binding upon the parties.[8] "Courts, however, will not construe assertions as judicial admissions where inconsistent facts are alleged as part of alternative or hypothetical pleadings in the same case. Such a rule is consistent with the liberal pleading policies embodied in Rule 8 of Federal Rules of Civil Procedure."[9]

In paragraph 25 of her Complaint, MacBean alleges "Damages exceed $50,000.00 but are less than $300,000.00."[10] In her prayer for relief, MacBean requests policy benefits of $125,000.00 and consequential damages "in an amount to be proven in trial."[11] MacBean also pled for interest on damages as provided by law and "[f]or such other further relief as the Court deems just and proper."[12] MacBean's Complaint is not a sworn statement. Furthermore, Farmers denied these allegations in its Answer,[13] thereby creating issues of fact to be determined

---

[6] Motion 2-4, docket no. 97.

[7] *Grynberg v. Bar S Serv., Inc.*, 527 Fed. Appx. 736, 739 (10th Cir. 2013) (citing *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990)).

[8] *Id*.

[9] *Koch v. Koch Indus., Inc.*, 996 F. Supp. 1273, 1278 (D. Kan. 1998) (internal citations omitted).

[10] Complaint 4, docket no. 5.

[11] *Id*.

[12] *Id*.

[13] Answer, docket no. 6, filed March 1, 2017.

by the jury at trial. The relevant statements made in MacBean's Complaint were not a formal concession[14] limiting damages and do not qualify as judicial admissions.

Additionally, the purpose underlying the doctrine of judicial estoppel does not support holding such statements as binding. Judicial estoppel is an equitable doctrine designed "to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'"[15] The Supreme Court has identified three factors that should be considered in determining whether to apply the doctrine of judicial estoppel:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[16]

None of these factors support judicial estoppel. MacBean has not unequivocally represented that she limited the amount of damages she was seeking to less than $300,000. More importantly, the court has never entered a finding or order relying upon any such representation. Overall, there has been no threat to judicial integrity.

---

[14] *See Koch v. Koch Indus., Inc.*, 996 F. Supp. 1273, 1277 (D. Kan. 1998) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'").

[15] *Baker v. Citigroup, Inc.*, No. 2:11-cv-51-CW, 2012 WL 1379308 at *3 (D. Utah 2012) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).

[16] *Baker*, 2012 WL 1379308 at *2 (citing *New Hampshire*, 532 U.S. at 750-51 (2001)). "In the past, the Tenth Circuit has resisted the doctrine of judicial estoppel, but recently has applied the doctrine of judicial estoppel as outlined by the factors in *New Hampshire* since the Supreme Court's decision." *Id*.

3

In its Motion, Farmers cites cases where federal courts have found that a plaintiff would be judicially estopped from claiming greater damages than what was pled in the complaint.[17] As MacBean recognizes,[18] these cases are distinguishable. In *Carter-Reed Co.*[19] and *Ratliff*[20]—the cases that addressed damages—plaintiffs pled damages less than $75,000 in order to defeat removal to federal court. The courts' analysis in these cases focused on whether the federal court had jurisdiction.[21] "[D]istrict courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court."[22] As a result, the respective courts relied upon provisions in the plaintiffs' complaints that explicitly limited damages to $75,000 for the purpose of remanding the cases to state court.[23] Although both courts briefly addressed judicial estoppel, it was discussed as applying in state court should plaintiffs change their position after remand had been obtained from federal court based upon the amount specifically pled in their complaints.[24]

**Removal to federal court eliminated any limitations on discovery and damages based upon MacBean's state court tier designation.**

Farmers also contends that MacBean is limited to no more than $300,000 in damages because she designated this case as a Tier 2 matter when she initially filed in state court. In other words, Farmers argues that MacBean is limited to the damages amount associated with Tier 2 under the Utah Rules of Civil Procedure.

---

[17] Motion, docket no. 97 at 3, n.6 (discussing *Carter-Reed Co., LLC v. Demulder*, No. 2:13-cv-1098-DAK, 2014 WL 2048298 at *3 (D. Utah May 19, 2014) and *Ratliff v. Merck & Co.*, 359 F. Supp. 2d 571, 576 (E.D. Ky. 2005)).

[18] Response, docket no. 100 at 4-5.

[19] No. 2:13-cv-1098-DAK, 2014 WL 2048298 at *3 (D. Utah May 19, 2014).

[20] 359 F. Supp. 2d 571, 576 (E.D. Ky. 2005).

[21] *Carter-Reed Co., LLC*, 2014 WL 2048298 at *2-3; *Ratliff*, 259 F. Supp. at 575.

[22] *Ratliff,* 359 F. Supp. 2d at 574.

[23] *Carter-Reed Co., LLC*, 2014 WL 2048298 at *3-4; *Ratliff*, 259 F. Supp. at 575-6.

[24] *Carter-Reed Co., LLC*, 2014 WL 2048298 at *3 n8; *Ratliff*, 259 F. Supp. at 576.

In 2011, the Utah State Courts implemented significant changes in case management, including disclosure and discovery practice. The purpose of the change was to obtain proportionality. "Simply stated, it means that the cost of discovery should be proportional to what is at stake in the litigation. . . ."[25]

Rule 26(c) of the Utah Rules of Civil Procedure provides for three separate "tiers" of limited, "standard" discovery that are presumed to be proportional to the amount and issues in controversy in the action, and that the parties may conduct as a matter of right.[26] Utah Rule 26(c)(5) specifies the limits on discovery for each tier:[27]

| Tier | Amount of Damages Claimed | Total Fact Deposition Hours | Rule 33 Interrogatories | Rule 34 Requests for Prod. | Rule 36 Requests for Admission | Days to Complete Fact Discovery |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | $50,000 or less | 3 | 0 | 5 | 5 | 120 |
| 2 | More than $50,000 and less than $300,000 or non-monetary relief | 15 | 10 | 10 | 10 | 180 |
| 3 | $300,000 or more | 30 | 20 | 20 | 20 | 210 |

The Utah Rule of Civil Procedure also permit extraordinary discovery beyond the presumptive limits, on stipulation or motion.[28]

The parties in this case did not comply with Utah Rule 26 after removal. While MacBean propounded only 5 interrogatories and 3 requests for production, Farmers went beyond the Tier 2 limits, delivering 21 interrogatories and 19 requests for production. The parties, and especially Farmers, did not act as if Utah Rule 26 applied.

The question is, then, whether MacBean should be bound by the damage limitations associated with her Tier 2 designation and clearly designed for state court. The answer is no.

---

[25] Utah R. Civ. P. 26 advisory committee notes.

[26] Utah R. Civ. P. 26(c).

[27] Utah R. Civ. P. 26(c)(5).

[28] Utah R. Civ. P. 26(c)(6).

State procedural rules do not apply to cases that have been removed to federal court.[29] As a result, determination of plaintiff's damages and any jury instructions related thereto is provided and implicitly controlled by the Federal Rules of Civil Procedure.[30]

Rule 54(c) of the Federal Rules of Civil Procedures states:

A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. *Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings*.[31]

Federal courts have applied this rule to allow judgment in excess of the amount pled in the complaint.[32] "Adhering to the mandate of the rule, the courts have consistently held that, where the defendant appears and the parties are at issue, the final judgment shall grant the relief to which the prevailing party is entitled, regardless of the relief demanded."[33] Indeed, it is not uncommon for an award to be greater than that requested in the prayer for relief.[34] Accordingly, MacBean is not bound by the prayer for relief in her complaint.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[35] is DENIED.

Dated July 12, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[29] Fed. R. Civ. P. 81(c)(1).

[30] *Menne v. Celotex Corp.*, 861 F.2d 1453, 1474 (10th Cir. 1988).

[31] Fed. R. Civ. P. 54(c) (emphasis added).

[32] *Menne*. 861 F.2d at 1474.

[33] *Troutman v. Modlin*, 353 F.2d 382, 384-85 (8th Cir. 1965).

[34] *Stineman v. Fontbonne College*, 664 F.2d 1082, 1088 (8th Cir. 1981).

[35] Docket no. 97.